O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE SIOW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. EDCV 12-00428-OP<br><br>MEMORANDUM OPINION AND ORDER |

The Court[1] now rules as follows with respect to the two disputed issues listed in the Joint Stipulation ("JS").[2]

///

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 8, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 6 at 3.)

# I.
## **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

    (1)    Whether the Administrative Law Judge ("ALJ") properly considered Plaintiff's credibility; and

    (2)    Whether the ALJ properly considered the testimony of Plaintiff's daughter.

(JS at 2-3.)

# II.
## **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

/ / /
/ / /
/ / /

# III.
# DISCUSSION

### A. The ALJ's Findings.

The ALJ found that Plaintiff has the following severe impairments: rheumatoid arthritis and rheumatoid left forefoot. (Administrative Record ("AR") at 12.) The ALJ concluded that Plaintiff retains the residual functional capacity ("RFC") to perform light work with the following limitations: sit about six hours out of an eight-hour day, stand and walk about two hours in an eight-hour day, a cane is required for walking long distances such as several blocks, limited to occasional postural activities, and limited to frequent use of each upper extremity. (Id. at 13.)

To determine the extent to which Plaintiff's limitations eroded her ability to perform the unskilled light occupational base, the ALJ asked the vocational expert ("VE") whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. (Id. at 21.) Based on the testimony of the VE, the ALJ determined Plaintiff could make a successful adjustment to other work that exists in significant numbers in the national economy such as electronics worker (Dictionary of Occupational Titles ("DOT") No. 726.687-010); charge account clerk (DOT No. 205.367-014); and order clerk (DOT No. 209.567-014). Thus, the ALJ determined that Plaintiff has not been under a disability as defined by the Social Security Act. (AR at 21.)

### B. The ALJ Properly Evaluated Plaintiff's Credibility.

Plaintiff asserts that the ALJ failed to provide clear and convincing reasons for rejecting her subjective complaints, did not specifically identify the testimony he found not to be credible, and improperly relied only on the fact that the medical evidence failed to support Plaintiff's allegations. (JS at 12-26.) The Court disagrees.

In his decision, the ALJ rejected Plaintiff's credibility as follows:

> The evidence of record shows the claimant is not credible regarding her alcohol and drug use. She reported to a physician on October 25, 2008 that she consumed alcohol. On April 3, 2009, she reported to a different physician that she stopped drinking excessively in 2005. The same day, she reported to another physician that she did not consume alcohol. The claimant testified alcohol is still a problem. On April 3, 2009, the claimant stated she stopped using marijuana and speed in 2005. She testified she stopped using drugs in August 2008, then testified it was in August 2000, then testified it was August 2006, and then testified she last used methamphetamines a year and a half earlier. Further, on August 5, 2010, her physician discussed with her that she had a positive urine drug screen. The claimant explained her roommates smoke methamphetamines and she got second hand smoke from them.
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
>
> In addition to her lack of credibility regarding her alcohol and drug use, the claimant is not fully credible regarding her physical and mental allegations.
>
> . . . .
>
> . . . The claimant's and her daughter's statements regarding the claimant's symptoms, though not inconsistent with a rheumatoid condition, do not fully support the asserted limitations.

(Id. at 15-16 (citations omitted).)

### 1. **Legal Standard.**

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Once a claimant has presented medical evidence of an underlying impairment which could reasonably be expected to cause the symptoms alleged, the ALJ may only discredit the claimant's testimony regarding subjective pain by providing specific, clear, and convincing reasons for doing so. Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991). An ALJ may properly consider "testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains," and may properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (citation omitted). An ALJ also may consider "[t]he nature, location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage, effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment"; and "ordinary techniques of credibility

evaluation," in assessing the credibility of the allegedly disabling subjective symptoms. Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20 C.F.R. 404.1529 (2005); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the lack of side effects from prescribed medication).

**2. Analysis.**

Here, the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective complaints.

First, the ALJ found that Plaintiff's testimony had been inconsistent regarding her drug and alcohol use, as well has her blood work for her rheumatoid arthritis. For instance, at the hearing, Plaintiff testified that alcohol is still a problem for her; on October 25, 2008, she told a physician that she had consumed alcohol; on April 3, 2009, she told a different physician that she had stopped drinking excessively in 2005; and on that same day she told another physician she did not consume alcohol. (AR at 14 (citations omitted).)

Next, with regard to drug use, on April 3, 2009, the ALJ noted that Plaintiff stated she had stopped using marijuana and speed in 2005; she testified at the hearing that she stopped using drugs in 2008, then testified it was August 2000, then testified it was August 2006, and then testified she had last used methamphetamines a year and a half before the hearing. (Id. (citing id. at 28-29).) Moreover, on August 5, 2010, Plaintiff's physician told her she had a positive

urine drug screen. Plaintiff explained that her roommates smoke methamphetamines, and she got second-hand smoke from them. (Id. (citations omitted).)

With regard to her blood work, Plaintiff reported that she last had it done for her rhematoid arthritis in 2005, but a treatment note reflects that blood work had been ordered as recently as August 6, 2008, due to her complaints of acute exacerbation of pain in her knee, which the report noted was "likely secondary to exertion." (Id. at 15 (citing id. at 367).) That report also indicated that her rheumatoid arthritis was "stable." (Id. at 367.) An ALJ may properly rely on inconsistencies in the claimant's testimony to discredit her testimony. Johnson, 60 F.3d at 1434.

Finally, to the extent the ALJ relied on the fact that the objective medical evidence does not support Plaintiff's alleged severity of symptoms, although a lack of objective medical evidence may not be the sole reason for discounting a plaintiff's credibility, it is nonetheless a legitimate and relevant factor to be considered. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Here, the report of Dr. Yu, consultative orthopedist, found that Plaintiff retained the RFC consistent with light work; Dr. Sophon, a consultative orthopedist found the same; Dr. Smith, consultative psychiatrist diagnosed depressive disorder but found Plaintiff was not seriously impaired; the state agency medical consultants agreed with the consultative examiners that Plaintiff's physical impairments limited her to a range of light work, and that her mental impairment was non-severe. (Id. at 15-16 (citations omitted).) The ALJ also noted that the treatment records were minimal, and were consistent with the consultative examiners' opinions, with no medical source statements to the contrary. (Id. at 16.)

Accordingly, the Court finds that the ALJ provided clear and convincing reasons for finding Plaintiff's subjective complaints of impairment less than credible. See, e.g., Bunnell, 947 F.2d at 346-47; Morgan, 169 F.3d at 600 (9th

Cir. 1999) (ALJ may properly rely on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell, 161 F.3d at 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Johnson, 60 F.3d at 1434 (ALJ may properly rely on inconsistencies in the Plaintiff's testimony).

Based on the foregoing, the Court finds the ALJ's credibility finding was supported by substantial evidence and was sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective testimony. Thus, there was no error.

**C.     The ALJ Properly Considered the Testimony of Plaintiff's Daughter.**

Plaintiff claims that the ALJ failed to properly consider the testimony of Plaintiff's daughter, Taylor Siow, who submitted a Third Party Function Report. (JS at 3-4 (citing AR at 178-85.) Specifically, Plaintiff notes the ALJ "did not properly accept or reject specific statements" made by Ms. Siow (JS at 5), failed to give germane reasons for rejecting her testimony (id. at 6), and did not specifically indicate what he accepted or rejected about her testimony (id.).

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provide that, in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [his] ability to work," and the Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). This applies equally to the sworn hearing testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)), as well as to unsworn statements and letters of friends and relatives. See Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 975 (9th Cir. 2000). If the ALJ chooses to reject such evidence from "other sources," he may not do so

without comment. Nguyen, 100 F.3d at 1467. The ALJ must provide "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

The ALJ reviewed Plaintiff's subjective allegations and noted that Plaintiff's daughter's statement reiterated the same complaints. (AR at 14.) After considering the evidence of record, the ALJ discounted Ms. Siow's statements for the same reasons he discounted Plaintiff's credibility as discussed above, noting that "[t]he claimant's and her daughter's statements regarding the claimant's symptoms, though not inconsistent with a rheumatoid condition, do not fully support the asserted limitations." (Id. at 16.)

Where, as here, the lay witness testimony mirrors the claimant's testimony, and the claimant is properly found to be not credible, the ALJ may reject the lay witness testimony for that reason alone. See Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009) (holding that ALJ gave a germane reason for rejecting claimant's wife's testimony where it was similar to claimant's own complaints that were properly rejected). Thus, the Court finds that the valid reasons given by the ALJ to discount Plaintiff's credibility, also legitimately support his discounting of Plaintiff's daughter's credibility.

## IV.

## **ORDER**

Based on the foregoing, IT IS THEREFORE ORDERED, that judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

Dated: November 20, 2012

HONORABLE OSWALD PARADA
United States Magistrate Judge